**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**


DAVID ALEXANDER CRUZ FLORES,

     Petitioner,

v.                Action No. 2:26cv189

JEFFREY CRAWFORD,
Abyon-Farmville Detention Center, and

LISA CASTANO,
ICE Washington Field Office,

     Respondents.


**<u>FINAL ORDER</u>**

Petitioner David Alexander Cruz Flores ("Flores"), a detainee of United States Immigration and Customs Enforcement ("ICE"), submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241 on February 25, 2026, while detained at the Farmville Detention Center in Farmville, Virginia.   ECF No. 1.   Flores asserts he was taken into ICE custody on January 31, 2025.   *Id.* at 5.   Flores seeks immediate release from ICE custody.   *Id.* at 8.

Respondents argue that Flores is an applicant for admission, making section 1225(b) the appropriate statute to apply to his detention.   ECF No. 7, at 2.   For the reasons that follow, the Court will **GRANT the petition** and **ORDER** federal respondents to release Flores subject to the conditions of his existing release within one day of the date of this order.

## I.    BACKGROUND

Flores is a 21-year-old citizen of El Salvador, who was encountered by Customs and Border Protection agents in May 2019 while a minor. ECF No. 7-1, at 2. Flores was processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1). *Id.* In May 2019, an asylum officer found Flores to have a credible fear of persecution if returned to El Salvador. *Id.* at 2–3. Flores was issued a notice to appear that charged him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *Id.* at 3. Flores was released on an order of recognizance contingent upon his mother's enrollment in an alternative to detention program. *Id.*

In July 2023, Flores filed an application for asylum that was denied by an immigration judge the same day and Flores was ordered removed to El Salvador. *Id.* Flores filed an appeal with the Board of Immigration Appeals ("BIA") and the appeal remains pending. *Id.*; ECF No. 1, at 2. In 2023 and 2024, Flores had several traffic violations, two of which resulted in short jail sentences. ECF No. 7-1, at 4. On January 31, 2025, Flores was taken into civil immigration custody and has remained in detention ever since. *Id.* at 4; ECF No. 1, at 5.

Flores initiated this proceeding on February 25, 2026, seeking release from custody. ECF No. 1, at 8. On March 10, 2026, respondent filed an opposition to the petition asserting that Flores is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1), this Court lacks jurisdiction over Flores' claims, and Flores has received all the process to which he is due. ECF No. 7. Flores did not reply to the opposition. Now that this matter is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.   LEGAL STANDARD

"[A] federal court may grant habeas relief 'only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)).   After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."   28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."   *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.   ANALYSIS

As a threshold matter, this Court has jurisdiction to consider Flores' habeas petition as 8 U.S.C. § 1252(a)(2)(B)(ii) does not divest this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Flores' detention.   *See Pineda-Berrios v. Lyons*, No. 1:25cv2332, 2026 WL 384159, at *4–5 (E.D. Va. Feb. 11, 2026); *Ekenge v. Baltazar*, No. 1:26cv630, 2026 WL 617341, at *3 (D. Colo. Mar. 5, 2026).   The Court observes that the opinion in *Pineda-Berrios v. Lyons*, concerns facts and legal arguments that are materially indistinguishable from Flores' case and the Court adopts and incorporates the reasoning in whole.

Respondent argues that Flores' detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Flores is detained under 8 U.S.C. § 1225(b) and not 8 U.S.C. § 1226(a), and that Flores has received all the process to which he is due.   ECF No. 7, at 7–11, 13–27.

Respondent's arguments have previously been rejected by numerous decisions both in this

3

district and other district courts across the country and this case is not factually distinguishable such that it would require a different outcome. *Pineda-Berrios*, 2026 WL 384159; *Omari v. Lyons*, 1:25cv2483, ECF No. 9 (E.D. Va. Feb. 17, 2026); *Ekenge*, 2026 WL 617341; *Francois v. Hale*, No. 2:26cv13, 2026 WL 472845 (D. Vt. Feb. 19, 2026).  As in these cases, ICE revoked Flores' release on conditions without notice, a hearing, or individualized consideration of his circumstances as due process requires.

### IV.   **CONCLUSION**

For the above reasons, the petition, ECF No. 1, is **GRANTED**, and it is hereby **ORDERED** that:

- federal respondents release Flores from custody with all of his personal property subject to the conditions of his existing order of recognizance within one day of this order;

- respondents are **ENJOINED** from rearresting Flores unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of his release, except for any term limitation; or (3) his release is lawfully revoked in a manner consistent with 8 C.F.R. § 212.5(e).

The Clerk is directed to forward a copy of this order to Flores and to Kent Porter, Supervisor of the Civil Division of the U.S. Attorney's Office for the Eastern District of Virginia, Norfolk Division.

*Arenda L. Wright Allen*
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
April 6, 2026